IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER JACOBS,
   *Plaintiff*,

v.

SETERUS, INC.,
   *Defendant*.

Civil Action No. ELH-13-02578

**MEMORANDUM OPINION**

Christopher Jacobs, plaintiff, sued Seterus, Inc. ("Seterus"), defendant, in the Circuit Court for Anne Arundel County, Maryland, alleging that Seterus gave false and defamatory reports to numerous credit agencies, in which defendant asserted that plaintiff defaulted on his loan obligation. *See* Complaint (ECF 2) ¶ 13. Although plaintiff concedes that he previously owed a debt to defendant in connection with a loan, plaintiff claims that, as part of a refinancing transaction, the loan was paid and satisfied. *Id.* at ¶¶ 5–9. In addition to monetary damages of about $1,200, plaintiff seeks a temporary restraining order, a preliminary injunction, and a permanent injunction. *See* Complaint at 5–6.

After plaintiff initiated suit, defendant removed the case to federal court. *See* Notice of Removal (ECF 1). Although plaintiff's complaint, on its face, purports to assert state law claims, defendant contends that plaintiff's claims "arise under" the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, because the claims are related to the furnishing of a credit report. *See* Notice of Removal at ¶ 7. Therefore, defendant contends that this Court possesses subject matter jurisdiction under 28 U.S.C. § 1331.

For the reasons that follow, I conclude that the Court lacks subject matter jurisdiction over this case. Accordingly, I will remand the case to state court, without addressing plaintiff's requests in his complaint for a temporary restraining order and preliminary injunctive relief.

**Factual and Procedural Background**

Plaintiff alleges that in December 2006, he borrowed money from a lender and secured repayment with a Deed of Trust on real property owned by plaintiff in Germantown, Maryland. Complaint ¶ 4. Then, in June 2012, plaintiff refinanced the loan with another lender. As part of that transaction, the original loan was paid off, *id.* ¶ 5, and a new Deed of Trust was issued in favor of the new lender. *Id.*

According to plaintiff, a total of $172,194.58 was collected from the proceeds of the new loan and paid to defendant, in complete satisfaction of the balance due on the first loan. *See Id.* ¶¶ 7–9.[1] Nevertheless, defendant "continues to demand additional payments from Plaintiff Jacobs . . . ." *Id.* ¶ 12. Moreover, plaintiff avers that defendant has falsely and defamatorily reported plaintiff's alleged default to various credit reporting agencies. *Id.* ¶¶ 13–15. In particular, plaintiff alleges that defendant intentionally or negligently filed defamatory reports with Experian, Trans Union, and Equifax, which have damaged his credit rating. *Id.* ¶¶ 16–27. Further, plaintiff alleges that defendant has refused to return to plaintiff the sum of $1,206.00 that plaintiff placed in an escrow account for the purpose of paying taxes and insurance on the property that serves as security on the loan. *Id.* ¶ 21.

As a result, on August 30, 2013, plaintiff filed suit in the Circuit Court for Anne Arundel County, Maryland, purporting to assert state law claims. On September 5, 2013, defendant

---

[1] There are some minor discrepancies in plaintiff's account of monies due under the original loan, but they are immaterial to the jurisdiction issue.

timely filed a Notice of Removal in this Court, claiming that federal jurisdiction is proper pursuant to 28 U.S.C. § 1331.

**Discussion**

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Of import here, courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). With regard to removed cases, 28 U.S.C. § 1447(c) requires: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

As noted, defendant asserts in its Notice of Removal that the Court possesses subject matter jurisdiction based on federal question jurisdiction, also known as "arising under" jurisdiction. *See* 28 U.S.C. §§ 1331 & 1441(a)–(b). Section 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In turn, § 1441, the general removal statute, permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When jurisdiction is based on a claim "arising under the Constitution, treaties or laws of the

United States," the case is "removable without regard to the citizenship or residence of the parties." *Id.* § 1441(b).[2]

The "'presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). In the event that a defendant contends that a plaintiff's state claims arise under federal law, the defendant may assert "federal" or "ordinary" preemption "as a defense to the allegations in a plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, *including the defense of pre-emption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis added). Put another way, the "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (alteration and emphasis in original) (internal citations omitted).

Complete preemption, which *does* create federal removal jurisdiction, is distinct from the defense of federal preemption. The Supreme Court has explained: "When [a] federal statute

---

[2] Defendant asserts, without explanation, that the Court possesses subject matter jurisdiction on the basis of diversity of citizenship. *See* Notice of Removal ¶ 8 ("[R]emoval is appropriate under and pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(b)."). *But see* Civil Cover Sheet (ECF 1-1) at 1 (selecting only "Federal Question" as the basis for federal court jurisdiction). The amount in controversy here falls well below the $75,000 threshold applicable to diversity cases. *See* 28 U.S.C. § 1332(a); ECF 2-5 at 3 (alleging damages of "under $7,500").

*completely* pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (emphasis added).[3] Therefore, federal question jurisdiction is satisfied "when a federal statute wholly displaces the state-law cause of action through *complete* pre-emption." *Id.* (emphasis added); *see also Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009); *Davila*, 542 U.S. at 207–08.

To remove an action on the basis of complete preemption, "a removing defendant must show not only that the defendant's state law claim is cognizable as a federal claim, but also that Congress clearly intended the federal claim to 'provide *the exclusive* cause of action for claims of overwhelming national interest'" *Barbour v. Intern. Union*, 640 F.3d 599, 631 (4th Cir. 2011) (en banc) (emphasis in original) (citation and quotation marks omitted), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B). Complete preemption is a jurisdictional doctrine that "'converts an ordinary state common law complaint into one stating a federal claim,' and the federal claim is deemed to appear on the face of the complaint." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 449 (4th Cir. 2005) (citation omitted). By contrast, the defense of federal preemption "does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Id.*

---

[3] For example, the Supreme Court has found complete preemption in the context of § 301 of the Labor Management Relations Act ("LMRA"), *see, e.g.*, *Caterpillar, supra,* 482 U.S. 386, (1987); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968); certain claims covered by the Employee Retirement Income Security Act ("ERISA"), *see, e.g.*, *Davila, supra,* 542 U.S. 200; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); the National Bank Act, *see Beneficial, supra,* 539 U.S. 1; and certain claims involving Native American tribal rights, *see Oneida Indian Nation of N.Y. State v. Oneida County*, 414 U.S. 661 (1974). "The courts of appeals and the district courts have extended the complete-preemption doctrine to a number of other substantive law contexts." 14B Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3722.2 at 507 (4th ed. 2009, 2011 Supp.).

Defendant contends that, "[a]lthough Plaintiff's claims are crafted in state common law negligence and defamation," they essentially "constitut[e] a claim under the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*., thereby making this suit a civil action arising under the 'laws of the Untied [sic] States.'" Notice of Removal ¶ 7. Plaintiff's complaint, however, did not invoke the FCRA. As noted, plaintiff asserts only state common-law claims sounding in negligence and defamation. Accordingly, this Court has subject matter jurisdiction only if, as defendant implies, the FCRA "completely" preempts plaintiff's state law causes of action, converting those claims into claims "arising under" federal law. 28 U.S.C. § 1331.

As noted, in order for complete preemption to exist, Congress must have clearly intended that the FCRA "provide *the exclusive* cause of action" for civil actions against furnishers of credit information. *Barbour*, 640 F.3d at 631 (emphasis in original) (citations and quotations omitted). To determine whether Congress intended the FCRA to be exclusive, we must examine two separate preemption provisions within the FCRA. The first, § 1681h(e), which was enacted in 1970 as part of the original FCRA, suggests that the federal cause of action is *not* exclusive:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

15 U.S.C. § 1681h(e) (emphasis added). This section clearly appears to exempt certain state law tort claims—those alleging falsity and malice—from the preemptive reach of the FCRA.

The second relevant provision, § 1681t(b)(1)(F), was added to the FCRA in 1996. This provision, which appears to preempt *all* state law claims, is in some tension with § 1681h(e). It provides:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

District courts have struggled to reconcile the apparent breadth of § 1681t(b)(1)(F) with the explicit allowance for certain state law tort claims in § 1681h(e). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009) (noting conflict among district courts). District courts have taken three different approaches in analyzing these two provisions: (1) the "total" preemption approach, in which § 1681t(b)(1)(F) preempts *all* state law claims and renders § 1681h(e) inoperative; (2) the "temporal" approach, which makes the provisions' application dependent on the timing of the conduct at issue; and (3) the "statutory" approach, which makes the provisions' application dependent on whether the plaintiff asserts statutory or common-law claims. *See Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 478 (D. Md. 2006). To my knowledge, the Fourth Circuit has thus far declined to enter the fray. *See Ross v. F.D.I.C.*, 625 F.3d 808, 814 n.* (4th Cir. 2010). However, several district courts within the Fourth Circuit have adopted the statutory approach. *See, e.g.*, *Davenport v. Sallie Mae, Inc.*, Civ. No. PJM-12-1475, 2013 WL 4010983 (D. Md. Aug. 2, 2013); *Beuster*, 435 F. Supp. 2d at 478; *Johnson v. MBNA Am. Bank Nat'l Ass'n*, Civ. No. 1:05CV00150, 2006 WL 618077 at *7 (M.D.N.C. Mar. 9, 2006). For the reasons stated in Chief Judge Chasanow's opinion in *Beuster*, 435 F. Supp. 2d at 475–79, I also adopt the statutory approach.

"The statutory approach posits that Congress intended the two pre-emption provisions of the FCRA to work concurrently to pre-empt different state laws. Under this approach, § 1681t(b) pre-empts only state *statutes*, whereas § 1681h(e) pre-empts state *common law*." *Beuster*, 435 F. Supp. 2d at 478 (emphasis in original) (citation and quotation omitted). Neither provision, however, preempts defamation or negligence claims in which the plaintiff alleges falsity and malice: they are not statutory claims within the scope of § 1681t(b)(1)(F), and they are expressly exempted from the reach of § 1681h(e). Thus, notwithstanding the FCRA, plaintiffs may still bring certain state common-law claims related to the furnishing of credit information. The continued viability of these state law claims undercuts the argument that Congress intended the FCRA to provide the exclusive cause of action for claims against furnishers of credit information. Accordingly, there is no complete preemption and this Court is without subject matter jurisdiction to hear the case.

This opinion does not foreclose defendant's defense of federal preemption in the state court, however. A "finding that complete preemption did not create federal removal jurisdiction will have no preclusive effect on a subsequent state-court defense of federal preemption." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 590 (4th Cir. 2006). Rather, this Court only decides that plaintiff's state law claims are not "completely preempted" such that they are "in reality based on federal law." *Beneficial*, *supra*, 539 U.S. at 8. The question of preemption is one that must be decided on the merits by the state court, on remand.

**Conclusion**

For the foregoing reasons, I conclude that this Court lacks subject matter jurisdiction over this case. Accordingly, pursuant to 28 U.S.C. § 1447(c), the case must be remanded to the Circuit Court for Anne Arundel County. An Order implementing this ruling follows.


Date: September 9, 2013                              /s/
                                             Ellen L. Hollander
                                             United States District Judge